UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-27 |
| | ) | |
| DAVID VESTAL | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on the defendant's motion for a reduction of sentence, [Docs. 780]. The defendant requests a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("USSG") § 1B1.10 as amended by Amendments 780 and 782 to the USSG. The United States has responded and acknowledges the defendant is eligible for a sentence reduction, but defers to the Court's discretion whether and to what extent to reduce defendant's sentence, [Doc. 787]. The motion for sentence reduction, [Docs. 780], will be **GRANTED IN PART**.

The defendant was convicted of participating in a conspiracy to manufacture more than 5 grams but less than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). The defendant was held accountable for 35.38 grams of pseudoephedrine, equating to a marijuana equivalent of 353.8 kilograms of marijuana. This resulted in a base offense level of 26. The base offense level was decreased by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), resulting in a total offense level of 23. The defendant's criminal history category was VI, resulting in an advisory guideline range of 92 months to 115 months. The defendant was subject to a mandatory minimum sentence of 60 months. The Court imposed a sentence within the guidelines range of 100 months' imprisonment.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); USSG § 1B1.10, cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If he is, the court must then consider whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances. *Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 F. App'x 544, 547 (6th Cir. 2013). In exercising its discretion, the court is required to consider public safety factors and is permitted

2

to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, cmt. (n. 1(B)(ii)-(iii)). Thus, the district court is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, cmt. n. 1(B)(ii)).

Based on the USSG amendments, the defendant's amended base offense level is 24. This base offense level is decreased by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), resulting in an amended total offense level of 21. A total offense level of 21 combined with a criminal history category of VI results in an amended guideline range of 77 to 96 months' imprisonment. The defendant requests an amended sentence of 77 months which is the bottom of his amended guideline range. However, the defendant acknowledges that originally, he was not sentenced at the bottom of the guideline range. The defendant further acknowledges that an amended sentence of 84 months would be comparable to where the defendant was sentenced within the initial guideline range.

An important factor in the Court's determination is the defendant's post-sentencing conduct. The defendant's Bureau of Prisons ("BOP") disciplinary record indicates that the defendant has been sanctioned on multiple occasions. The BOP disciplinary record reflects that on January 20, 2015, the defendant refused an alcohol/drug test. Reportedly, the defendant admitted to not providing the urine sample during the allotted time, and he stated he had a medical problem which prevented him from successfully completing the test. The defendant has filed with the Court a supplement to his motion for reduction of sentence, [Doc. 812], which includes as an exhibit a note from the Psychology Services of the BOP, indicating that the defendant was fully willing to provide

the urine sample, but was receiving treatment for a medical condition that made it difficult for him to successfully complete the test within the allotted time.

On January 28, 2015, the defendant was sanctioned for failing to take his prescribed medication. The report submitted by the defendant in his supplement indicates that the defendant did not want to take the medication because it made him sleepy. Indeed, the defendant filed a letter with this Court, explaining and admitting that he did not take the medication in that instance because that particular medication was not helping his depression, and would make him very sleepy, [Doc. 823].

On August 2, 2016, the defendant was sanctioned for possessing chewing tobacco, which is considered a non-hazardous tool. Finally, on September 23, 2016, the defendant was sanctioned for possessing drugs and/or alcohol. According to the BOP records, there was a syringe found in the defendant's cell. In his letter to this Court, the defendant states that he was unaware that the hypodermic needle was in his cell, and claims that the needle belonged to his cell-mate. In his supplement, the defendant claims that both he and his cell mate received an infraction for a single syringe.

In considering the §3353 factors as well as the nature and seriousness of the danger to others in the community that may be posed by a reduction of this defendant's sentence, the Court finds that a reduction of the defendant's sentence is appropriate. However, the Court will not grant the reduction to the full extent requested by the defendant. Rather, a reduction which reflects an amended sentence which is comparable to where the defendant was sentenced within his original guideline range is warranted in this case. An amended sentence of 84 months is comparable to a middle of the guideline range sentence. As such, the defendant's motion for reduction of sentence

is **GRANTED IN PART** and the sentence shall be reduced to a term of 84 months.  All other

provisions of the judgment shall remain in effect.

ENTER:

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE